UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDY L YOUNG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-09-1925 |
| § | |
| KELSEY CARE ADVANTAGE, § | |
| § | |
| Defendant. § | |

**OPINION & ORDER**

Pending before the Court is Defendant Kelsey Care Advantage's ("Kelsey") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 6). To date, *pro se* Plaintiff Judy Young ("Young") has not responded. Upon review and consideration of this motion and the relevant legal authority, and for the reasons explained below, the Court finds that Defendant Kelsey's motion to dismiss must be denied.

I. Background and Relevant Facts

This is a race and age discrimination in employment case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. § 206(d), as amended. (Doc. 1 at ¶1.1.) Plaintiff Young is a 46-year-old black female. (*Id.* at ¶3.1.) Young was hired by Defendant Kelsey in July 2000 to work as a Patient Affairs Supervisor. (*Id.* at ¶4.1.) On June 12, 2008, Young was terminated from her position as a Health Plan Specialist. (*Id.* at ¶4.5.) Young alleges that a white male colleague who performs identical duties was not terminated, and that her discharge was discriminatory and unlawful. (*Id.* at ¶¶4.7–4.8.)

Young timely filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at ¶5.1)  On February 17, 2009, the EEOC issued Young's right to sue letter.  (*Id.* at ¶5.2, , p. 9)  Young's complaint states that she received this notice on February 20, 2009.  (*Id.*)  *Pro se* Plaintiff Young filed suit *in forma pauperis* on May 19, 2009, seeking back pay, lost wages, denied promotions and raises, denied benefits, and costs of court.  (*See* related case 4:09-cv-1925, Doc. 1 at ¶1.2.)  Defendant Kelsey now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 6.)

II.  Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 570.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

However, "[a] motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely

granted." *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal citations and quotations omitted). The "Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986)). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

*Pro se* litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers. *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Haines v. Kerner*, 404 U.S. 519 (1972). Courts provide *pro se* parties wide latitude when construing their pleadings and papers, and use common sense to determine what relief the party desires. *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).

III. Discussion

Young claims that she received her EEOC right to sue on February 20, 2009, three days after it was issued on February 17, 2009. (Doc 1 at ¶5.2, , p. 9). Cases in the Fifth Circuit have previously applied a presumption that plaintiff received the right to sue letter within both three and seven days of issue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Martin v. Alamo Cmty. Coll. Distr.*, 353 F.3d 409, 411 (5th Cir. 2003). Kelsey argues that Young's suit is procedurally barred because she did not file her lawsuit until June 17, 2009, one

hundred and eighteen days after receipt of her right to sue letter from the EEOC, rather than the ninety days permitted. (Doc. 6 at 5.) This is incorrect, however, as Young filed her suit and application to proceed *in forma pauperis* on May 19, 2009, less than ninety days from February 20, 2009. (4:09-cv-1925, Doc. 1.) Young did not respond to Kelsey's motion, but mere failure to respond is not sufficient to justify dismissal with prejudice. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006).

However, it has come to the attention of the Court that Young has failed to appear for three scheduling conferences before Magistrate Judge Frances H. Stacy on October 7, 2009, January 13, 2010, and March 4, 2010. The next scheduling conference is set for November 3, 2010 at 10:00 A.M. Failure to appear at this conference may result in the case being dismissed for want of prosecution.

IV. Conclusion

Accordingly, it is hereby ORDERED that Defendant Kelsey Care Advantage's motion to dismiss (Doc. 6) is DENIED.

SIGNED at Houston, Texas, this 31st day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE